## In re Fontana

*Stanley Ostrow,* for petitioner.

*James J. Burns, Jr., Alexander D. Rosenbaum,* and *Sanford A. Middleman,* for respondents.

McKENNA, *P.J.,* November 7, 1975—This case is before us on preliminary objections of Catholic Cemeteries Association to petition of Frank Fontana to compel the association to designate for his use certain crypts in Calvary Cemetery, which is operated by the Cemeteries Association. The case was placed on the argument list and was argued before us on October 6, 1975. After considering the arguments made and reviewing briefs filed, we find that we have no jurisdiction to determine the issue.

It is evident from the pleadings, as above described, that the Orphans' Court Division has no jurisdiction over this controversy.

This division has the same jurisdiction as that given to its predecessor, the Orphans' Court of Allegheny County. See Eberhardt v. Ovens, 436 Pa. 320, 259 A.2d 683 (1969). The jurisdiction of that court was spelled out in the Orphans' Court Act of August 10, 1951, P. L. 1163, sec. 301, as amended, 20 PS §2080.301, now the Probate, Estates and Fiduciaries Code of June 30, 1972, P. L. 508 (No. 164), as amended, 20 Pa. C.S. §711. The case at bar does not fall within any of the categories listed in the statute and it is not suggested by any of the parties that this is the case.

Petitioner relies on Pennsylvania Rules of Judicial Administration (Pa. R. J. A.), no. 2156, effective April 11, 1975, reading as follows:

"In addition to other matters which by law are to be heard and determined by the orphans' court division of a court of common pleas, the division shall hear and determine the following matters:

". . .

"(2) Cemetery companies: Matters relating to cemetery companies under Title 9 of the Pennsylvania Consolidated Statutes (relating to burial grounds)."

In the case at bar there is no "matter relating to a cemetery company" involved. There is a clear-cut issue between the Fontana brothers. The Cemetery Association and Carlini Brothers are both agreeable to carrying out whatever the terms of the contract between the Fontanas may be. Neither entity is involved in the litigation.

It is true that the code does provide that this division has jurisdiction over the "control of decedent's burial." PEF Code, section 711(1). This issue, however, is collateral. The cemetery itself is not involved. The fact that the cemetery company is remotely connected with the case is not sufficient to warrant this division in assuming jurisdiction.

We regret the necessity of dismissing the petition and remanding the parties to another forum. However, there is no basis whatsoever for this division to assume jurisdiction of the controversy. It is incumbent on the court en banc to raise this question on its own motion. See Eberhardt v. Ovens, supra.